**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG MANUFACTURING AND LOGISTICS, INC., | Civil Action No. 04-5951 (SRC)(MAS) |
| Plaintiff, | |
| v. | OPINION |
| I HELLER CONSTRUCTION CO., INC. QUALITY WAREHOUSE & DISTRIBUTION CO., INC.; and ONE EIGHTY MILL ROAD-EDISON, | |
| Defendants. | |

**SHIPP, UNITED STATES MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter comes before the Court upon Defendant's, One Eighty Mill Road – Edison, ("Defendant" or "One Eighty") Motion for Leave to Amend its Answer. Plaintiff, UMG Manufacturing and Logistics, Inc., ("Plaintiff" or "UMG") opposes the motion. The Court has reviewed the papers. For the reasons stated herein, Defendant's motion is GRANTED.

**II. BACKGROUND**

The original Complaint was filed on December 3, 2005. One Eighty was not named in the original Complaint. On January 25, 2006, the Court granted Plaintiff leave to file an Amended Complaint naming One Eighty as a defendant. Plaintiff then served its Amended Complaint on or about February 5, 2006. On March 3, 2006, One Eighty filed its Answer to

Plaintiff's Amended Complaint. Here, One Eighty seeks to amend its Answer by adding the affirmative defense of waiver. (Def.'s Proposed Amended Answer at 5)

### III. LEGAL STANDARD

A party may amend its pleading once as a matter of course before being served with a responsive pleading. FED. R. CIV. P. 15(a)(1)(A). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). When deciding whether to grant a motion in support of a leave to amend pursuant to Rule 15(a), "[a] general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002)(*citing Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), *cert. denied*, 469 U.S. 871 (1984)). Furthermore, Rule 15 requires that "the leave sought should . . . be 'freely given [when justice so requires].' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.*

Leave to amend may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)(citations omitted). Here, Plaintiff opposes the proposed amendment on the grounds of undue delay and undue prejudice.

The mere passage of time does not require that a motion to amend an answer be denied on grounds of delay. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984), *cert. denied*, 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985). Undue delay requires the Court to

2

focus on the moving party's motives for not amending its Answer earlier. *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984), *cert. denied*, 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985). Undue prejudice requires the Court to focus on the effect of the proposed amendment on the non-moving party's ability to present its case. *See Id.*

For the reasons discussed below, the Court does not find sufficient delay or prejudice to deny Defendant's Motion to Amend. Therefore, Defendant's Motion to Amend is granted.

## IV. DISCUSSION

Defendant seeks to amend its Answer to include the affirmative defense of waiver. Defendant claims that it "inadvertently omitted" the defense from its Answer to the Amended Complaint. Defendant's defense of waiver is based upon Section 7.07 of the February 4, 2004 Lease agreement ("Lease") between One Eighty and Plaintiff.[1]

Plaintiff opposes Defendant's Motion on the grounds of undue delay and undue prejudice.

### 1.   **Undue Delay**

Plaintiff argues that One Eighty's Motion to Amend should be denied on grounds of undue delay because (1) Defendant had ample opportunity over the last four years to raise the

---

[1] Section 7.07 states, in pertinent part, "Tenant hereby waives any right to recovery it might otherwise have against Landlord or its insurance company(ies) for losses or damages caused actively or passively, in whole or in part, by any of the risks Tenant is required to insure against in accordance with Section 7.04 above (whether or not such coverage is in effect). Tenant shall obtain waiver of subrogation endorsement, if necessary, to permit the waiver of subrogation and release as set forth herein in connection with any insurance coverage obtained by Tenant, it being understood that Tenant shall look solely to its insurance for reimbursement." *See* Def. Moving Br. at 4; Exhibit 3 to McCoy Cert.

3

defense, yet failed to explain why it did not raise the defense earlier and (2) granting the amendment will result in the need for further discovery, thus prolonging the litigation. (Pl.'s Reply Br. at 5)[2]

In its moving papers, One Eighty claims that the waiver defense was "inadvertently" omitted from its Answer to Plaintiff's Amended Complaint. (Def.'s Moving Br. at 3) However, One Eighty contends that its Motion to Amend was filed within a reasonable time of learning of the proposed waiver defense. (Def.'s Reply Br. at 2) Furthermore, One Eighty claims that Plaintiff is in possession of all discovery related to the terms of the lease and that any additional discovery pertaining to the waiver provision can be completed within the time period between this motion's return date and the date for filing dispositive motions. (Def.'s Letter in Further Support of Motion to Amend at 3)

First, Plaintiff correctly contends that the moving party should provide an explanation as to why it failed to raise the proposed amendment in a more timely fashion.[3] *Cureton v. National Collegiate Athletic Ass'n*, 2000 WL 388722, at *2 (E.D.Pa. Apr. 13, 2000) The Court is troubled by Defense Counsel's explanation of the omission. Defense Counsel filed its Answer to the Amended Complaint on March 3, 2006 and claims that the waiver defense was "inadvertently omitted." However, in its reply papers Defendant claims to have learned of the applicability of the waiver defense in June, 2008. The Court is not clear as to how Defense Counsel could have "inadvertently omitted" a defense in March, 2006 if it was unaware of its applicability until June,

---

[2]Plaintiff failed to number the pages of its submission. Therefore, the Court assigned the appropriate page numbers for citation purposes.

[3]The Court notes that Plaintiff failed to cite to any legal authority is support of this argument.

4

2008. Defense Counsel's explanation for the delay in amending its complaint is questionable at best. However, the Court does not find this inadequacy sufficient grounds to deny Defendant's Motion to Amend.

It is well settled that "the leave sought should . . . be 'freely given [when justice so requires].'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Given the nature of the proposed affirmative defense the Court will not potentially punish the Defendant for what it considers to be an error by Defense Counsel.[4] Therefore, pursuant to the Court's discretion under Rule 15, the Court finds the delay caused by Defense Counsel's inadvertence is an insufficient grounds to deny Defendant's Motion to Amend.

Second, Plaintiff argues that granting Defendant's motion will result in the need for further discovery, thus prolonging the litigation and resulting in undue delay. (Pl.'s Reply Br. at 5) Defendant argues that Plaintiff is in possession of the Lease and that the Lease terms have never been disputed. (Def.'s Reply Br. at 2 & 3) Furthermore, Plaintiff is in possession of all discovery related to the terms of the lease and any additional discovery regarding the waiver defense "can be accomplished within 30 days." (Def.'s Reply Letter Br. at 1)

The mere passage of time does not require that a motion to amend an answer be denied on grounds of delay. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 2004). The proposed amendment does not place an unwarranted burden on the Court. The parties should be able to conduct any additional discovery and complete Summary Judgment briefing within the time period between the issuance of this Order and Opinion and the due date for dispositive

---

[4]The Court is in no way commenting on the merits of the affirmative defense of waiver.

motions.[5] To the extent that the parties require additional time to complete discovery limited to the waiver defense, then the Court is amenable to granting such a request.

### 2. Undue Prejudice

#### a. Undue Prejudice and Additional Discovery

Plaintiff argues that granting the motion will unduly prejudice its case because it did not have an adequate opportunity to conduct discovery regarding the Lease.[6] (Pl.'s Br. in Opposition at 5) Defendant argues that Plaintiff is in possession of the Lease and that the Lease terms have never been disputed. (Def.'s Reply Letter Br. at 2 & 3) Furthermore, Plaintiff is in possession of all discovery related to the terms of the lease and any additional discovery regarding the waiver defense "can be accomplished within 30 days." (Def.'s Reply Letter Br. at 1)

The Court is not persuaded that the Plaintiff will be unduly prejudiced by the need for further discovery relating to the waiver defense. "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). "The prejudice to the opposing party is greater where the tardy amendment will require a reopening of discovery, and it is lessened when the new issue presents solely an issue of law to be determined upon application to the existing facts." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990). *See e.g., Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d at 426 n. 5 (3d Cir. 1981)(Additional affirmative defense permitted because the

---

[5]*See Twelfth Amended Scheduling Order*; Docket Entry # 72.

[6]Specifically, Plaintiff states that it did not have an opportunity to: (1) question the representatives of One Eighty regarding the terms of the Lease; (2) conduct other fact discovery regarding terms of Lease; or (3) retain experts.

amendments solely addressed legal issues). Here, the affirmative defense of waiver is more of an issue of law than of fact. This is not a case where a party seeks to assert new concepts and theories that would require reopening discovery for an extended period of time. *See e.g., Adams,* 739 F.2d at 868 *citing DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979)(where plaintiff seeks to amend complaint to assert "new concepts and theories" that would require extensive additional discovery and create risk that trial scheduled for three months hence will have to be delayed, allowing amendment would be prejudicial to defendant). The Court is not convinced that any further discovery is necessary for three reasons.

First, Plaintiff had an opportunity to depose any fact witness regarding the terms of the Lease. Second, the Court is not persuaded by Plaintiff's bald statement that there are questions of fact surrounding the Lease. At no point during this litigation has either party disputed the terms of the Lease. Finally, and most convincingly, this is an issue of law contained within the four corners of the Lease. The Court is not persuaded that additional testimony by fact witnesses or expert testimony regarding the terms of the Lease is at all necessary.

For these reasons, the Court finds that the Plaintiff has completed discovery with regard to the terms of the Lease. Therefore, the Plaintiff's argument that it will be unduly prejudiced by the inclusion of the waiver defense because it has not performed adequate discovery fails. However, upon good cause shown, the Court is amenable to granting Plaintiff additional time to complete discovery limited to the waiver defense.

### b.     Undue Prejudice and Increased Costs

Plaintiff argues that it would "incur substantial additional costs" as a result of the necessary additional discovery.[7] (Pl.'s Sur-reply at 5.) Defendant argues that the "costs associated [with additional discovery] would not constitute a serious impairment of Plaintiff's case." (Def.'s Reply to Pl.'s Sur-Reply at 2)

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Cost is a factor that can be considered in the prejudice analysis. *See, e.g., Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001)(finding that courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.")

Here, the Court is not convinced that any additional discovery costs associated with the waiver defense will be unduly prejudicial to the Plaintiff. Any additional discovery resulting from the inclusion of the waiver defense will be strictly limited to the waiver defense. And, as discussed above, the Court finds that the waiver defense requires little, if any, additional discovery. Therefore, any costs associated with additional discovery will not constitute a serious impairment of Plaintiff's case.

---

[7] Plaintiff fails to cite any case law in support of its proposition that increased or additional costs constitutes prejudice in the context of a Motion to Amend an Answer.

## V. CONCLUSION

For the foregoing reasons the Court hereby grants Defendant's Motion to Amend its Answer pursuant to FED. R. CIV. P. 15(a) to set forth waiver as an affirmative defense.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**